Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00384-CV

In the **MATTER OF T.R.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-JUV-00655
Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Marialyn Barnard, Justice

Delivered and Filed:  March 2, 2011

AFFIRMED

T.R., a juvenile, appeals the juvenile court's order of adjudication and order of disposition committing him to the Texas Youth Commission ("TYC").  T.R. raised one issue on appeal, contending the juvenile court erred in committing him to TYC because probation would have been a more appropriate disposition.  We affirm the trial court's judgment.

## BACKGROUND[1]

After sixteen-year-old T.R. and his girlfriend, L.M., broke up and she began dating someone else, T.R. threatened her by text and voicemail, stating he was waiting by her house and he was going to kill her current boyfriend, S.M.  L.M. called her brother, who was at her house,

---

[1] T.R. pled true in this case, and therefore the facts are taken from the plea papers.

and asked him to tell T.R. to leave. L.M.'s brother asked T.R. to leave, but he refused. L.M., who was fearful because of T.R.'s previous behavior toward her, decided to stay at S.M.'s apartment instead of going home because she believed T.R. did not know where S.M. lived.

On January 23, 2010, around 7:00 p.m., S.M. and L.M. were in S.M.'s apartment when they noticed a truck pulling up to the apartment. T.R. and his younger brother, C.R., got out of the truck and knocked on S.M.'s door. When S.M. and L.M. did not answer the door, T.R. and his brother went to the back patio, jumped over the wall, and T.R. began punching and kicking a back window. L.M. called 911, but because she did not know the address, S.M. left the bedroom and went back into the living room to speak to the 911 operator. He left a steak knife for L.M. in the bedroom for protection, but she apparently did not see it. When S.M. returned to the bedroom, he saw T.R. had entered the apartment through a broken window and was on top of L.M. on the bed. S.M. jumped on T.R., knocking him off L.M., and they began to struggle. The two struggled into the living room where C.R. attempted to assist his brother. However, S.M. had the upper hand, and T.R. began to apologize. T.R. and his brother then ran out of the apartment, followed by S.M. S.M. ran after them, but stopped when he saw the two had picked up some rocks.

The police arrived and were able to catch T.R. at the scene. When apprehended, T.R. began crying and apologizing for breaking into S.M.'s apartment. Police arrested T.R. Sometime later, C.R. was returned to the scene by his mother, N.P., and he too was arrested. S.M. identified the brothers as the persons who broke into his apartment.

On March 16, 2010, the State filed an original petition alleging T.R. had engaged in delinquent conduct. More specifically, the petition alleged T.R. committed the offense of burglary of a habitation with intent to commit assault. The case was called for trial on April 22,

2010, but T.R. waived a jury, stipulated to the evidence, and pled true to the petition without a plea bargain. The juvenile court found T.R. had engaged in delinquent conduct and a disposition hearing was necessary. The Bexar County Juvenile Probation Department recommended probation, as did the defense attorney. The State, however, recommended T.R. be committed to TYC. The complainant, S.M., also asked the court to place T.R. in TYC. At the conclusion of the disposition hearing, the juvenile court committed T.R. to TYC. Thereafter, T.R. filed a motion for new trial, which was denied, and perfected this appeal.

## ANALYSIS

In his sole appellate issue, T.R. contends the juvenile court erred in committing him to TYC. T.R. argues the facts and circumstances in this case indicate he would be best served by probation placement, at home or in another placement, as was recommended by the probation department.

### *Standard of Review*

Once a juvenile has been adjudicated as having engaged in delinquent conduct, the juvenile court has broad discretion in determining a proper disposition. *In re P.E.C.*, 211 S.W.3d 368, 370 (Tex. App.—San Antonio 2006, no pet.); *In re K.J.N.*, 103 S.W.3d 465, 465-66 (Tex. App.—San Antonio 2003, no pet.). When, as here, the adjudication is for conduct that is a felony,[2] the juvenile court may, in its discretion, commit the juvenile to TYC. TEX. FAM. CODE ANN. § 54.04(d)(2) (West Supp. 2010). And, it is unnecessary for a juvenile court to exhaust all possible alternatives before committing a juvenile to TYC. *In re J.A.M.*, No. 04-07-00489-CV, 2008 WL 723327, at *2 (Tex. App.—San Antonio Mar. 19, 2008, no pet.) (mem. op.) (citing *In re J.R.C.*, 236 S.W.3d 870, 875 (Tex. App.—Texarkana 2007, no pet.)).

---

[2] Burglary of a habitation with intent to commit assault is a first degree felony. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (d) (West 2009).

If a juvenile court commits the child to TYC, it must find and state in its disposition order that: (1) it is in the child's best interest to be placed outside the child's home, (2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the home; and (3) the child, in his home, cannot be provided the quality of care and level of support and supervision that he needs to meet the conditions of probation.  *Id.* § 54.04(i).  These three findings are essential, but other evidence may justify an order committing a juvenile to TYC.  *In re K.T.*, 107 S.W.3d 65, 68 (Tex. App.— San Antonio 2003, no pet.).  In reviewing the juvenile court's disposition and findings relating thereto, we "'view the evidence in the light most favorable to the trial court's ruling,' affording almost total deference to findings of historical fact that are supported by the record."  *Id.* at 75 (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).  We review de novo the juvenile court's determination of law, application of law to the facts, and factual issues that do not involve evaluation of witness credibility.  *K.T.*, 107 S.W.3d at 75.

### *Application*

At T.R.'s disposition hearing, there was no testimonial evidence, but T.R.'s predisposition report was admitted into evidence without objection.  The report showed T.R. was placed on a deferred prosecution agreement for an assault on his father in August 2009.  T.R. was released from this agreement in December 2009 after completing twenty-four hours of community service, paying restitution, completing anger management classes, attending counseling, and passing a drug test.  This release was merely a month before the current offense occurred.

The report showed drug use by T.R.  Although T.R. denied using marijuana since the summer of 2009, his mother contradicted this, stating T.R. regularly smoked marijuana after he

was released from the deferred prosecution agreement. T.R. was hospitalized in February 2010 because he ingested too much of his prescribed medications, Xanax and Seroquel.[3] T.R. admitted to experimenting with alcohol at the age of eight, and drinking alcohol two months before the predisposition investigation. The report showed that on January 13, 2010, T.R. was placed in the Alternative High School for sixty days because he was drinking alcohol in class. This was before the current offense. As of April 1, 2010, T.R. had twenty-two absences from the school. T.R. admitted to being a member of a gang, the "59 Piru Bounty Hunter Bloods," but claimed he had no contact with the gang for the past four months.

T.R.'s mother stated she had had behavioral problems with him since he was eight years old. She said T.R. is verbally disrespectful to her, calls her "profane names," and physically assaults her by pulling her hair or kicking her. She acknowledged, however, that his behavior had improved in the preceding six months.

In March 2010, during a visit with his probation officer, T.R. expressed feelings of hopelessness, claimed he should be locked up, and stated he "wanted to torture females every time he sees one." T.R. was so distraught the probation officer felt it necessary to call a crisis hotline. As a result, T.R. was evaluated by a mental health professional, but it was determined hospitalization was unnecessary.

Admittedly, T.R. had a troubled upbringing. His father is violent and has a criminal history of violence. There was apparently domestic abuse by T.R.'s father against T.R.'s mother, which T.R. witnessed. T.R. clearly suffers from mental health issues.

---

[3] Xanax is used to treat anxiety disorders, panic disorders, and anxiety caused by depression. DRUGS.COM, http://www.drugs.com/search.php?searchterm=xanax (last visited Feb. 14, 2011). Seroquel is an antipsychotic medication and is used to treat schizophrenia and bipolar disorder in adults and children. DRUGS.COM, http://www.drugs.com/search.php?searchterm=seroquel (last visited Feb. 14, 2011).

The juvenile court included the findings required by section 54.04(i), and also stated in its judgment and on the record that its decision to commit T.R. to TYC was based on the serious nature of the offense and the State's recommendation. Given the evidence from the predisposition report, and viewing it in the light most favorable to the juvenile's court disposition, we cannot say there was an abuse of discretion in committing T.R. to TYC. We therefore overrule T.R.'s sole issue.

## CONCLUSION

Having overruled his only issue, we affirm the juvenile court's judgment.

Marialyn Barnard, Justice